**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

CHARLES RANDALL SORENSEN                                                      PETITIONER
Reg. #75289-509

v.                                            2:26-cv-00031-BSM-JJV

CHARLES HUMPREY, Warden,
FCI Forrest City Camp                                                         RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.  Your objections must be received in the office of the United States District Court

Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Petitioner Charles Randall Sorensen, an inmate at the Forrest City Federal Correction

Camp, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc.

Nos. 1-2.)  He alleges the Bureau of Prisons ("BOP") has violated the First Step Act of 2018 and

the Second Chance Act of 2007, as well as his due process and equal protection rights, by failing

to transfer him to prerelease custody.[1]  (Doc. No. 1 at 1-2, 15-19.)  After careful consideration of Mr. Sorensen's Petition, Memorandum of Law in Support, Declarations (Doc. Nos. 8, 11), and Notices of Supplemental Authority (Doc. Nos. 16-19), as well as the Response (Doc. No. 21) and Reply (Doc. No. 23), I recommend the Petition be dismissed without prejudice.

## II.     BACKGROUND

In 2024, Mr. Sorensen was convicted in the United States District Court for the District of Minnesota of several counts involving tax evasion, filing a false tax return, and failing to file a tax return.  (Doc. No. 21-2 at 1.)  He was sentenced to forty-one months' imprisonment followed by two years' supervised release.  (*Id*. at 2-3.)  His projected release date is February 1, 2027. (Doc. No. 21-4 at 12, 15.)  *See also* https://www.bop.gov/inmateloc/ (accessed Apr. 22, 2026).  This date accounts for the 165 First Step Act time credits Mr. Sorensen has earned, which, when applied, will result in his early release to supervised release.  (Doc. No. 21-4 at 4.)  After application of those 165 time credits, Mr. Sorensen would have no remaining credits to be applied toward transfer to prerelease custody.  (*Id*.)

Additionally, Mr. Sorensen has undergone the individualized five-factor review required under the Second Chance Act for placement in a residential reentry center or home confinement. (Doc. No. 21-4 at 18.)  His unit team recommended 180 days of prerelease custody under the Second Chance Act, making his recommended placement date May 7, 2026.  (*Id*.)  According to Respondent, Mr. Sorensen's Second Chance Act referral is currently pending.  (Doc. No. 21 at 12.)

---

[1] Mr. Sorensen also cites 34 U.S.C. § 60541, which established an elderly nonviolent offenders pilot program, but that pilot program was only conducted at designated BOP facilities and expired in 2023.  *See* 34 U.S.C. § 60541(g)(3).

Mr. Sorensen argues he is entitled to the maximum allowable time in prerelease custody under the Second Chance Act – 365 days – and that the BOP's failure to timely refer him will result in his missing the opportunity for meaningful community placement. (Doc. No. 1 at 1-2, 7-8, 15-17.) Respondent Charles Humphrey, Warden of the Federal Correctional Institution – Forrest City, contends Mr. Sorensen is not entitled to relief because he has failed to exhaust his administrative remedies and his claims are without merit – specifically, because he has not earned enough First Step Act credits to apply them toward transfer to prerelease custody and because the BOP properly conducted the Second Chance Act five-factor review and recommended him for a placement that is currently pending. (Doc. No. 21 at 5-13.) As a threshold issue, Respondent also argues this Court lacks jurisdiction over Mr. Sorensen's claims. (*Id*. at 2-4.) Respondent is correct.

III.     ANALYSIS

The essence of habeas corpus is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ "is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If a prisoner is not challenging the validity of his conviction or the length of his detention, "then a writ of habeas corpus is not the proper remedy," and the district court lacks jurisdiction to issue a writ. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); *see also Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014).

Mr. Sorensen does not challenge the validity of his conviction, nor does he seek a remedy that would result in an earlier release from detention. Rather, he seeks placement in prerelease custody, which would change only the place of his confinement and would not alter the fact or duration of his imprisonment. *See, e.g.*, *Reaves v. Garrett*, No. 2:24-cv-00177-BSM-ERE, 2025 WL 890147 (E.D. Ark. Mar. 21, 2025), *report and recommendation adopted*, 2025 WL 1118580

3

(E.D. Ark. Apr. 15, 2025) (citing *U.S. v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (treating placement in home confinement as changing an inmate's place of imprisonment); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (noting BOP's agreement that community correctional facilities are places of imprisonment)).   The United States Court of Appeals for the Eighth Circuit has recently made clear that prerelease custody is still detention.  *Fortner v. Eischen*, 170 F.4th 655, at 3 (8th Cir. Mar. 13, 2026).  And as the Court explained in *Fortner*, "[i]f [Mr. Sorensen] receives the remedy he seeks, he would still be detained for the same length of time, though he would serve the detention in a different location with better conditions."  *Id*. at 2.  Accordingly, habeas jurisdiction is lacking.[2]

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Sorensen's § 2241 Petition for Writ of Habeas Corpus (Doc. Nos. 1-2) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 22nd day of April 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the record makes clear that Mr. Sorensen did not exhaust his administrative remedies (Doc. No. 21-3 at 3), I do not recommend recharacterizing his habeas petition as a conditions-of-confinement claim.  *See Spencer*, 774 F.3d at 471; 42 U.S.C. § 1997e(a) (requiring exhaustion of administrative remedies in action challenging prison conditions).  Dismissal without prejudice will allow Mr. Sorensen the opportunity to file a conditions-of-confinement claim after completing the administrative remedy process.